UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------
ZSOLT ZSUFFA,

                        Plaintiff,

-against-

BRITT REALTY, LLC and N7 OWNER LLC,

                      Defendants.
-----------------------------------------------

CASE NO.
18-cv-05719-JBW-ST

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Amended Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendant on January 30, 2018, in the County of Kings, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(1).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Eastern District of New York in that the events giving rise to this action occurred within the Eastern District of New York.

### III. THE PARTIES

5. At all times herein mentioned, plaintiff ZSOLT ZSUFFA was and still is a citizen and resident of New Jersey.

6. The defendant BRITT REALTY, LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of Suffolk and the State of New York.

7. The defendant N7 OWNER LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

### IV. FACTUAL ALLEGATIONS

8. On January 30, 2018, plaintiff ZSOLT ZSUFFA was performing certain construction work at the premises, located at 308 North 7th Street, Brooklyn, New York, [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

9. On January 30, 2018, plaintiff ZSOLT ZSUFFA was employed by Frank & Ferencz Elevator LLC.

10. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant N7 OWNER LLC.

11. At all times mentioned, the subject premises was operated, controlled, maintained, managed and/or supervised by defendant BRITT REALTY, LLC

12. That at some point prior to January 31, 2018, defendant N7 OWNER LLC, entered into an agreement with defendant BRITT REALTY, LLC, wherein and whereby it was agreed, among other things, that defendant BRITT REALTY, LLC would perform construction work and provide labor services at the subject premises.

13. That on January 30, 2018, defendant BRITT REALTY, LLC was the general contractor working at the subject premises for defendant N7 OWNER LLC.

14. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

15. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

16. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

17. That at some point prior to January 30, 2018, defendant BRITT REALTY, LLC entered into an agreement with Frank & Ferencz Elevator LLC, wherein and whereby it was agreed, among other things, that Frank & Ferencz Elevator LLC would perform construction work and provide labor services at the subject premises.

18. That on January 30, 2018, Frank & Ferencz Elevator LLC was the subcontractor working at the subject premises for defendant BRITT REALTY, LLC

19. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

20. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

21. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

22. That at some point prior to January 30, 2018, defendant N7 OWNER LLC, entered into an agreement with Frank & Ferencz Elevator LLC, wherein and whereby it was agreed, among other things, that Frank & Ferencz Elevator LLC would perform construction work and provide labor services at the subject premises.

23. That on January 30, 2018, Frank & Ferencz Elevator LLC. was a contractor working at the subject premises for defendant N7 OWNER LLC.

24. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

25. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

26. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

27. On January 30, 2018, defendant BRITT REALTY, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant N7 OWNER LLC.

28. On January 30, 2018, Frank & Ferencz Elevator LLC was actually engaged in performing construction work and labor services at the subject premises which was owned,

leased, operated, controlled, maintained, managed and/or supervised by defendant N7 OWNER LLC.

29. On January 30, 2018, Frank & Ferencz Elevator LLC was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant BRITT REALTY, LLC.

30. On January 30, 2018, plaintiff ZSOLT ZSUFFA was actually engaged in the course of his employment as a construction laborer by Frank & Ferencz Elevator LLC, which said contractor was engaged by defendant N7 OWNER LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant N7 OWNER LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

31. On January 30, 2018, plaintiff ZSOLT ZSUFFA was actually engaged in the course of his employment as a construction laborer by Frank & Ferencz Elevator LLC, which said contractor was engaged by defendant BRITT REALTY, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant BRITT REALTY, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

32. On January 30, 2018, and while plaintiff ZSOLT ZSUFFA was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Frank & Ferencz Elevator LLC, he

was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

33. On January 30, 2018, defendant N7 OWNER LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Frank & Ferencz Elevator LLC, plaintiff's employer.

34. On January 30, 2018, defendant N7 OWNER LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Frank & Ferencz Elevator LLC, plaintiff's employer.

35. On January 30, 2018, defendant BRITT REALTY, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Frank & Ferencz Elevator LLC, plaintiff's employer.

36. On January 30, 2018, defendant BRITT REALTY, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Frank & Ferencz Elevator LLC, plaintiff's employer.

37. Defendant BRITT REALTY, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ZSOLT ZSUFFA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

38. Defendant BRITT REALTY, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide

reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

39. Defendant BRITT REALTY, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

40. Defendant BRITT REALTY, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

41. Defendant BRITT REALTY, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

42. Defendant BRITT REALTY, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

43. Defendant N7 OWNER LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ZSOLT ZSUFFA, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

44. Defendant N7 OWNER LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide

reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

45. Defendant N7 OWNER LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

46. Defendant N7 OWNER LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

47. Defendant N7 OWNER LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

48. Defendant N7 OWNER LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

49. That on or about January 30, 2018, while working at the subject premises, plaintiff ZSOLT ZSUFFA was caused to fall from an elevated height.

50. By reason of the foregoing, plaintiff ZSOLT ZSUFFA was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be

cured of said injuries, and plaintiff ZSOLT ZSUFFA will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. FIRST CAUSE OF ACTION

51. The allegations of the preceding paragraphs are repeated here as if fully stated.

52. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

53. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VI. SECOND CAUSE OF ACTION

54. The allegations of the preceding paragraphs are repeated here as if fully stated.

55. On January 30, 2018, plaintiff ZSOLT ZSUFFA was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

56. The work contracted for by the defendant BRITT REALTY, LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

57. The work contracted for by the defendant N7 OWNER LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

58. Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

Case 1:18-cv-05719-FB-ST   Document 15   Filed 01/16/19   Page 10 of 11 PageID #: 66

59. Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

60. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VII. DEMAND FOR TRIAL

61. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
       January 16, 2019

By: *(signature)* **Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO. 18-cv-05719-JBW-ST
-----------------------------------------------------------------

ZSOLT ZSUFFA,
                      Plaintiff,


  -against-

BRITT REALTY, LLC and N7 OWNER LLC,
                      Defendants.

-----------------------------------------------------------------
-----------------------------------------------------------------

**COMPLAINT AND JURY DEMAND**

-----------------------------------------------------------------


**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777