UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
ZSOLT ZSUFFA,

        Plaintiff,

  -against-

BRITT REALTY, LLC, N7 OWNER
LLC and MAJOR ELEVATOR CORP.,

        Defendants.
-------------------------------------------------x
N7 OWNER LLC,

        Plaintiff,

  -against-

MAJOR ELEVATOR CORP.,

        Defendants.

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-05719

*Appearances:*
*For the Plaintiff*:
HOLLY OSTROV RONAI
Ronai & Ronai, LLP
34 Adee Street
Port Chester, New York 10573

*For Defendant Britt Realty, LLC and Defendant/Third-Party Plaintiff N7 Owner, LLC*
ALLISON A. SNYDER, ESQ.
Fabiani Cohen & Hall, LLP
570 Lexington Avenue, 4th Fl.
New York, New York 10022

*For Defendant/*
*Third-Party Defendant Major Elevator Corp.*
LAUREN M. SOLARI
Gottlieb Siegel & Schwartz LLP
207 East 94th Street, Mezzanine Level
New York, New York 10128

1

**BLOCK, Senior District Judge:**

Plaintiff Zsolt Zsuffa ("Zsuffa") moves for partial summary judgment determining liability over a trip-and-fall at a construction site: i) against Defendants Britt Realty, LLC ("Britt Realty"), N7 Owner LLC ("N7"), and Major Elevator Corp. ("Major Elevator") under New York Labor Law § 241(6), and ii) against Britt Realty for liability under New York Labor Law § 200.

Defendants Britt Realty and N7 move for summary judgment: i) dismissing the entire Second Amended Complaint, ii) dismissing any crossclaims or counterclaims by Major Elevator for common law indemnification or contribution, and iii) granting their claim for contractual indemnity against Major Elevator.

Major Elevator moves for summary judgment dismissing both the Second Amended Complaint and the Third-Party Complaint against it.

For the following reasons, partial summary judgment is GRANTED in Plaintiff's favor for claims against Britt Realty and N7 for violation of New York Labor Law § 241(6). Summary judgment is GRANTED in favor of Major Elevator for violation of New York Labor Law § 241(6), § 240(1), § 200, common law negligence, and for breach of contract; accordingly, those claims are DISMISSED. Summary judgment is GRANTED in favor of Britt Realty and N7 for violation of New York Labor Law § 240(1); accordingly, those claims are DISMISSED.

The claims against Britt Realty and N7 under New York Labor Law § 200 and

common law negligence and claims against Major Elevator for contractual indemnification are reserved for trial, because there are issues of material fact.

## I. BACKGROUND

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, oral argument, and supporting documentation. They are undisputed unless otherwise noted.

N7 owns 308 North 7th Street in Brooklyn. N7 retained Britt Realty as the general contractor for the construction of a nine-story residential building. Britt Realty contracted Major Elevator to install the building's elevator. Pursuant to that contract, Major Elevator's general liability insurance named Britt Realty and N7 as additional insureds. Major Elevator then subcontracted Frank & Ferencz Elevator LLC, Zsuffa's employer, to perform a portion of the elevator work. The subcontract included an indemnification agreement for harm arising out of Frank & Ferencz's work at the site. Frank & Ferencz obtained liability insurance for the job.

On January 30, 2018, Zsuffa was injured at the construction site. That day, Zsuffa wore warm clothing, non-slip Timberland boots, and a hardhat. Carrying a three-foot-long hook, Zsuffa tripped on a metal cable while descending an interior staircase and fell headfirst down the last five stairs. After he fell, he saw that a metal cable was still hooked onto the top of his right boot. The hook he carried penetrated his shoulder, and his head and back hit the concrete wall.

The origin of the cable is unknown, and Plaintiff did not know how long it had been on the stairs.[1] The cable was not being used in connection with any elevator installation work. All elevator work was performed in the elevator shaft. Britt Realty's site manager, Brian Hamburger, testified that no other trades were running cables on the staircase to perform their work. Plaintiff saw a "cleaning guy" descend the stairs in front of him before the accident but did not identify him or his employer. The cleaning guy did not warn the Plaintiff of the cable's presence. No formal complaints had been made about the condition of the staircase.

As general contractor, Britt Realty would be on site daily and oversee the work of various contractors to ensure their work was performed safely. Britt Realty's employees would walk the entire site and remedy any unsafe conditions. Britt Realty also retained Quality Facility Solutions ("QFS") as a cleaning subcontractor on the premises. QFS had designated a person to walk the staircases checking for hazardous conditions and would clean the stairs daily.

There were no witnesses to the accident. Brian Hamburger was not on site at the time of the accident. Britt Realty's construction supervisor was in the building's

---

[1] Britt Realty and N7 dispute the presence of the cable but rely on an affidavit that Plaintiff argues is inadmissible and lacks credibility. Plaintiff states that the affidavit was presented ten months after the close of discovery, and the affiant, Clevon Alexander, was not deposed or otherwise cross-examined. While it appears that Britt Realty did disclose Alexander as a potential witness, it offered Brian Hamburger as its representative for deposition.

In any event, the affidavit does not raise an issue of fact because Alexander states that he did not see the fall, and the affidavit otherwise relies on "custom and practice" to establish what "would have" happened that day, rather than asserting facts.

4

lobby about 10 feet away from where Plaintiff fell but did not see the fall.

Major Elevator, having subcontracted to Frank & Ferencz, was not on site, had not yet performed any work on site, did not provide tools to Frank & Ferencz, and did not control or supervise anyone on site at the time of the accident.

In his second amended complaint ("SAC"), Zsuffa alleged a count for statutory violations of New York Labor Law Sections 200, 240(1), 241(6) and a count for common law negligence. Britt Realty and N7 asserted crossclaims against Major Elevator for contractual indemnification and for breach of contract. Major Elevator sought adjudication of comparative negligence, as an affirmative defense and counterclaim.

## II.   STANDARD OF REVIEW

On a motion for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) (internal citation and quotation omitted). Summary judgment is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party abandons a claim in the context of a summary judgment motion when she does not respond to arguments concerning that claim." *Bryant v. Steele*, 462 F. Supp. 3d 249,

270 (E.D.N.Y. 2020), *aff'd sub nom. Bryant v. Iheanacho*, 859 F. App'x 604 (2d Cir. 2021).

### III. PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT AGAINST BRITT AND N7

#### a. Partial summary judgment under New York Labor Law § 241(6) is granted as against Britt Realty and N7

New York Labor Law § 241(6) provides that where construction work is being performed, "all contractors and owners and their agents," are required "to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor." *Misicki v. Caradonna*, 12 N.Y.3d 511, 515 (2009) (citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 501-502 (1993)). The duty to comply with the safety rules is non-delegable. *Id.*

Britt Realty and N7 are the general contractor and owner, respectively, and have a nondelegable duty under the law. *Ross*, 81 N.Y.2d at 502.

Plaintiff argues that a violation of Industrial Code Section 23-1.7(e),[2] which concerns "Tripping Hazards," proximately caused Plaintiff's injuries. Subsection (1) read: "All passageways shall be kept free from accumulations of dirt and debris and

---

[2] During discovery, Plaintiff apparently identified 12 NYCCR § 23-1.5, 12 NYCCR § 23-1.8, 12 NYCCR § 23-1.16, 12 NYCCR § 23-1.17, 12 NYCCR § 23-1.15, 12 NYCCR § 23-1.24, 12 NYCCR § 23-2.1, 12 NYCCR § 23-2.5, and OSHA regulations as the basis of the violation of Labor Law § 241(6). Major Elevator made a prima facie case that these regulations do not apply. Plaintiff did not address them in its briefs and thereby abandoned them.

from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered." Section (e)(2) reads: "The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

In response, Defendants Britt Realty and N7 argue that the staircase is not a passageway and "a single piece of metal cable does not constitute an 'accumulation of dirt and debris." These arguments fail. The staircase is a passageway, despite the holdings in factually distinct cases cited by Defendants. *See Ryan v. Morse Diesel, Inc.*, 469 N.Y.S.2d 354 (1983) ("Stairway was not tool used in performance of plaintiff's work, but was passageway from one place of work to another."); *Cevallos v. Site 1 DSA Owner LLC*, No. 0701739/2018, 2020 WL 3507649, at *4 (N.Y. Sup. Ct. May 12, 2020) (citing cases) (a passageway is "a defined walkway or pathway used to traverse between discrete areas as opposed to an open area . . . [or] 'an interior or internal way of passage inside a building.'").

The Court also rejects Defendants' argument that the subsection does not apply because the metal bar was not an accumulation of dirt or debris. The subsections also require passageways and work areas to be "kept free…from any other obstructions or conditions that could cause tripping." A single metal cable

7

clearly applies. *See Miller v. The City of New York*, No. 162491/2015, 2021 WL 1175109, at *4 (N.Y. Sup. Ct. Mar. 18, 2021) (granting summary judgment after establishing that plaintiff tripped over a pipe in a pathway); *Kennedy v. Commet 380, Inc.*, No. 500503/2017, 2020 WL 6378967, at *1 (N.Y. Sup. Ct. Oct. 29, 2020) (granting same where plaintiff tripped on pry bar left on a stairwell landing).

Plaintiff has made a prima facie case against Defendants Britt Realty and N7, who have failed to raise a material issue of fact. The Court need not address comparative fault at this stage. *Rodriguez v. City of New York*, 31 N.Y.3d 312, 324-25 (2018) ("To be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault."). Therefore, Plaintiff is granted partial summary judgment against Britt Realty and N7.

### b. Summary judgment in Plaintiff's favor is not appropriate for the remaining claims against Britt and N7

#### i. New York Labor Law § 240(1)

Britt and N7 moved for summary judgment on this claim; Plaintiff raised no arguments or facts in dispute. The facts here do not support a violation of Labor Law § 240(1), as Plaintiff tripped while on the stairs, which is not a safety device as defined under that law. *Norton v. Park Plaza Owners Corp.*, 263 A.D.2d 531, 531–32 (1999) (dismissing a claim because "the staircase upon which the plaintiff fell was a normal appurtenance to the building and was not designed as a safety device

8

to protect him from an elevation-related risk."); *Ryan*, 98 A.D.2d at 616 ("[U]nder no construction can this permanently installed stairway, used by the plaintiff as a place of passage, be deemed to be a scaffold, hoist, stay, ladder, sling, hanger, block, pulley, brace, iron or rope."). Because the staircase is a normal appurtenance to the building, Labor Law § 240(1) does not apply and the claim is dismissed.

### ii. New York Labor Law § 200 and Common Law Negligence

Labor Law § 200 is a codification of common-law negligence and the common-law duty of landowners and general contractors (and their agents) to provide workers with a reasonably safe place to work. *See Ross*, 81 N.Y.2d at 501-02. There are two types of Labor Law § 200 claims: "those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed." *See Ortega v. Puccia*, 57 A.D.3d 54, 61 (2d Dept. 2008). "For liability to be imposed on the property owner, there must be evidence showing that the property owner either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time." *Reyes v. Arco Wentworth Mgmt. Corp.*, 83 A.D.3d 47, 51 (2011) (citing *Chowdhury v Rodriguez*, 57 A.D.3d 121, 130 (2008)). "In order to find constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" *Lamela v. City of New York*, 560 F. Supp. 2d 214, 223

9

(E.D.N.Y. 2008), aff'd, 332 F. App'x 682 (2d Cir. 2009) (citing *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837 (1986)).

There is a factual dispute regarding how long the cable was on the stairs which precludes Plaintiff from proving Britt Realty and N7 had constructive notice. *Anderson v. Klein's Foods, Inc.*, 139 A.D.2d 904, *aff'd* 73 N.Y.2d 835 (1988) ("The mere existence of condition at the time of an accident, without evidence as to the length of time it was present, is insufficient to impute notice to a defendant").

However, there is also a factual dispute that precludes Britt and N7 from showing they did not create or have notice of the dangerous condition. Plaintiff followed a "cleaning guy" down the stairs, who did not warn Plaintiff that the cable was there, but Plaintiff has not definitively identified the cleaner's employer. These issues must be resolved by the jury, and therefore the negligence claims as to Britt Realty and N7 remain. Both motions regarding this claim are denied.

IV. **SUBSTANTIVE LIABILITY CLAIMS AGAINST MAJOR ELEVATOR ARE DISMISSED**

    a. **New York Labor Law § 241(6)**

Major Elevator is not an owner or contractor in this case. And because Major Elevator did not contract with the owner, it cannot be a prime contractor. *See e.g., Mitchell v. T. McElligott, Inc.*, 152 A.D.3d 928, 929 (2017) (defendant was one of several prime contractors hired by the owner); *Nasuro v. PI Assocs., LLC*, 49 A.D.3d 829, 831 (2008) (prime plumbing contractor hired by owner). Therefore, Major

10

Elevator must be a statutory agent to be liable.

To be a statutory agent, Major Elevator "must have been delegated the supervision and control either over the specific work area involved or the work which gave rise to the injury." *Nascimento v. Bridgehampton Const. Corp.*, 86 A.D.3d 189, 193 (2011) (citations omitted); *see also In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 44 F. Supp. 3d 409, 427 (S.D.N.Y. 2014) ("[A] party will be considered a statutory 'agent' if it has the authority to control the 'injury producing activity.'") (citing *Russin v. Louis N. Picciano & Son,* 54 N.Y.2d 311, 317-18 (1981)). Major Elevator would be a statutory agent if "provisions of the subcontract[] explicitly granted supervisory authority" or if "evidence showed that [Major Elevator] actually exercised supervisory authority." *Nascimento*, 86 A.D.3d at 193.

The injury producing activity was tripping on a metal cable while descending the common staircase on the construction site. Major Elevator was not designated responsibility for the maintenance or cleaning of the building's common areas. The contract between Britt Realty and Major Elevator gives Major Elevator responsibility for all labor, material, and supervision for its work, which is specifically related to the installation of the elevator. The parties agree that all elevator work was done within the elevator shaft. Britt Realty admits that its own responsibilities included maintenance of the common spaces and enforcing safety

11

precautions. Indeed, Britt Realty had hired QFS to fulfill those cleaning responsibilities.

Major Elevator did not actually exercise any supervisory authority. No one from Major Elevator was onsite that day or any day before the accident—except once, solely to accept delivery of materials. Therefore, Major Elevator was not a statutory agent, and the Court dismisses this claim against it.

### b. New York Labor Law § 240(1)

Because Major Elevator is not a statutory agent and because the staircase is a normal appurtenance to the building, Labor Law § 240(1) does not apply. *See Ryan*, 98 A.D.2d at 616. The claim against Major Elevator is dismissed.

### c. New York Labor Law § 200 and Common Law Negligence

It is undisputed that Major Elevator did not create the danger. Parties agree that the wire was not related to the elevator installation. Major Elevator also lacked actual or constructive notice. It was not responsible for inspecting or monitoring the stairways or directing or supervising Plaintiff's work. Indeed, it had no representatives on site at the time of the accident. Plaintiff does not raise any factual disputes or arguments. Therefore, these claims against Major Elevator are dismissed.

### d. Breach of Contract

Major Elevator moves for dismissal of the third-party claim/crossclaim for breach of contract. Major Elevator states that, in accordance with its agreement with

12

Britt Realty, it obtained a policy with additional insured provisions as required and executed an indemnification agreement with Frank & Ferencz. Britt Realty and N7 did not address the breach of contract claim and have therefore waived any arguments. The claim for breach of contract against Major Elevator is dismissed.

## V. THE CONTRACTUAL INDEMNIFICATION CLAIM MUST REMAIN

Major Elevator and Britt Realty/N7 cross-move for summary judgment on the contractual indemnification claim.[3]

The right to contractual indemnification depends upon the specific language of the contract. *See Kader v. City of N.Y. Hous. Preserv. & Dev.*, 16 A.D.3d 461, 463 (2005). A party is entitled to contractual indemnification as long as the intent to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding circumstances. *See Drzewinski v. Atlantic Scaffold & Ladder Co.*, 70 N.Y.2d 774, 777 (1987). Though indemnification may still be enforceable where the subcontractor itself is not negligent, *Brown v. Two Exch. Plaza Partners*, 76 N.Y.2d 172, 177 (1990), "a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor." *De Souza*

---

[3] In their opposition to Major Elevator's motion for summary judgment, Britt Realty and N7 argue that Major Elevator has "failed to prove its entitlement to dismissal of N7 and Britt's common-law indemnity and contribution claims." However, neither in the third-party complaint nor the answer to Plaintiff's second amended complaint do Britt Realty and N7 raise such claims.

13

*v. Empire Transit Mix, Inc.*, 155 A.D.3d 605, 606 (2017); *see also* New York General Obligations Law § 5-322.1 (indemnification for damages "contributed to, caused by or resulting from the negligence of [Britt Realty or N7] . . . is against public policy and is void and unenforceable.").

The Major Elevator and Britt Realty/N7 indemnification clause is broad, and includes indemnification for work "arising out of or resulting from" Major Elevator and its subcontractor's work.[4] The clause also incorporates the negligence standard, which would exempt from indemnification any conduct attributed to the negligence of Britt Realty and N7. Subcontract, Section 4.6.1 ("excluding only liability created by the sole and exclusive negligence of the Indemnified Parties"); *Troia v. City of New York*, 162 A.D.3d 1089, 1092–93 (2018) (because indemnitor had no liability, and any of indemnitee's liability "could only be based upon their own negligence," enforcement of contractual indemnification would violate General Obligations Law § 5-322.1).

Britt Realty and N7 argue that Zsuffa's injury did "arise out of" Major Elevator's work, citing *O'Connor v. Serge Elevator Co.*, among others. 58 N.Y.2d

---

[4] "[Major Elevator] shall defend and shall indemnify, and hold harmless, at [Major Elevator]'s sole cost and expense, [Britt and N7] from and against all liabilities or claimed liabilities for bodily injury or death to any person(s), and for any and all liabilities or claimed liabilities for property damage and/or economic damage, including all attorney fees, expert fees, disbursements and related costs, arising out of or resulting from the Work as defined in this Subcontract to the extent such Work was performed by or contracted through [Major Elevator] or by anyone for whose acts [Major Elevator] may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties." Section 4.6.1 of the Britt and Major Elevator Subcontract.

655, 657–58 (1982), *amended*, 58 N.Y.2d 799 (1983) (where drywall subcontractor's employee was injured by elevator when leaving for lunch, the court found the injury arose out of the contracted drywall work as a matter of law because "[t]he contract could not be performed…unless [drywall] employees could reach and leave their workplaces on the job site."). Major Elevator argues that these cases are inapposite because the contract language is different—there is a negligence exception in their own contract—but does not actually dispute that the injury arose out of the elevator work. Therefore, the Court accepts that the injury was "arising out of" the elevator work.

This, however, is not sufficient to grant summary judgment on this claim because the contract exempts from indemnification damages created by Britt Realty and N7's negligence. Because Britt Realty and N7's negligence has yet to be determined as there are issues of fact thereto, the claim for contractual indemnification must remain.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is GRANTED in part and DENIED in part; Defendants Britt Realty and N7's motion for summary judgment is GRANTED in part and DENIED in part; and Defendant Major Elevator's motion for summary judgment is GRANTED in part and DENIED in part.

15

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 21, 2022